**Docket No. 24-177**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

JOHN DOE #1, JOHN DOE #2,

*Plaintiffs-Appellants,*

v.

X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC.,

*Defendant-Appellee.*

_____

*Appeal from a Decision of the United States District Court for the Northern District of California,*
*No. 3:21-cv-00485-JCS · Honorable Joseph C. Spero*

# BRIEF OF APPELLEE

Dylan C. Bonfigli
Quinn Emanuel Urquhart
& Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017
(213) 443-3000

*Counsel for Appellee*

Derek L. Shaffer
Quinn Emanuel Urquhart
& Sullivan, LLP
1300 I Street NW
Washington, D.C.  20005
(202) 538-8000

*Counsel for Appellee*

 COUNSEL PRESS · (213) 680-2300

PRINTED ON RECYCLED PAPER

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee X Corp., successor in interest to Twitter, Inc., states that there is no publicly held corporation owning 10 percent or more X Corp.'s stock.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

STATEMENT OF JURISDICTION...................................................................4

ISSUES PRESENTED FOR REVIEW ..............................................................4

STATEMENT OF THE CASE .............................................................................5

I.     STATUTORY BACKGROUND ...............................................................5

       A.     The Communications Decency Act ........................................5

       B.     Federal Sex-Trafficking and Child-Pornography Laws......................6

       C.     The Fight Online Sex Trafficking Act ("FOSTA") .............................7

II.    FACTUAL ALLEGATIONS.....................................................................10

III.   PROCEDURAL BACKGROUND ..........................................................12

       A.     The District Court Dismisses All But One Of Plaintiffs' Claims.......12

       B.     On Interlocutory Appeal, This Court Directed The District Court To Reconsider The Viability of Plaintiffs' Remaining Claim ..................................................................................................13

       C.     The District Court Dismissed Plaintiffs' Remaining Claim ...............15

STANDARD OF REVIEW ..................................................................................17

SUMMARY OF ARGUMENT .........................................................................18

ARGUMENT ........................................................................................................21

I.     SECTION 230 BARS PLAINTIFFS' CLAIMS IN THEIR ENTIRETY ..............................................................................................21

       A.     The District Court Correctly Held That Section 230 Bars Plaintiffs' Sex-Trafficking Claim (Count II) ....................................22

              1.     The district court correctly held that Plaintiffs' sex-trafficking claim (Count II)  is subject to section 230 ..............23

              2.     The district court correctly applied Reddit to rule that FOSTA's exception to section 230 did not apply....................27

              3.     Plaintiffs' attempt to circumvent Reddit are unavailing...........31

4.      This Court can affirm on the independent basis that Plaintiffs did not allege Twitter's participation in a trafficking venture ...................................................................33

B.     The District Court Correctly Ruled That Section 230 Bars Plaintiffs' Design-Defect Claim (Count V) ........................................35

C.     The District Court Correctly Ruled That Section 230 Bars Plaintiffs' Negligence *Per Se* Claim (Count VIII), And The Claim Is Not Viable..................................................................................40

1.      Plaintiffs Forfeit The Argument They Raise On Appeal..........40

2.      Section 230 Bars The Negligence Per Se Claim (Count VIII)...............................................................................43

3.      The Negligence Per Se Claim (Count VIII) Fails As A Matter Of Law.................................................................46

D.     This Court Already Held That Section 230 Bars Plaintiffs' "Child Pornography" Claim (Count IV), And That Holding Was Correct ....................................................................................48

CONCLUSION ...................................................................................................55

# TABLE OF AUTHORITIES

**Page**

## Cases

*A.M. v. Omegle.com LLC*,
  2023 WL 1470269 (D. Or. Feb. 22, 2023) .......................................................38

*A.M. v. Omegle.com, LLC*,
  614 F. Supp. 3d 814 (D. Or. 2022) ...........................................................38, 39

*AF Holdings, LLC v. Doe*,
  2012 WL 4747170 (N.D. Cal. Oct. 3, 2012) .................................................47

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ...........................................................*passim*

*Beckman v. Match.com, LLC*,
  668 F. App'x 759 (9th Cir. 2016) ................................................................45

*Calise v. Meta Platforms, Inc.*,
  2024 WL 2826231 (9th Cir. June 4, 2024).............................................39, 40

*In re Cement Antitrust Litig. (MDL No. 296)*,
  688 F.2d 1297 (9th Cir. 1982) ....................................................................51

*Diez v. Google, Inc.*,
  831 F. App'x 723 (5th Cir. 2020) ................................................................53

*Doe #1 v. MG Freesites, LTD*,
  676 F. Supp. 3d 1136 (N.D. Ala. 2022)...................................................52, 53

*Doe #1 v. Twitter, Inc.*,
  2023 WL 3220912 (9th Cir. May 3, 2023)..............................................*passim*

*Doe v. Bates*,
  2006 WL 3813758 (E.D. Tex. Dec. 27, 2006) ..........................................45, 54

*Doe v. Grindr Inc.*,
  2023 WL 9066310 (C.D. Cal. Dec. 28, 2023)...............................................29

*Doe v. MySpace, Inc.*,
  474 F. Supp. 2d 843 (W.D. Tex. 2007) ........................................................45

*Doe v. Reddit, Inc.*,
    2021 WL 5860904 (C.D. Cal. Oct. 7, 2021), *aff'd*, *Reddit*, 51 F.4th
    1137..................................................................................................3, 21, 45, 52

*Doe v. Snap Inc.*,
    2023 WL 3830365 (S.D. Cal. June 5, 2023) ....................................................29

*Doe v. Twitter, Inc.*,
    2023 WL 8568911 (Dec. 11, 2023) ............................................................*passim*

*Does v. Reddit, Inc.*,
    143 S. Ct. 2560 (2023)....................................................................................14

*Does v. Reddit, Inc.*,
    51 F.4th 1137 (9th Cir. 2022) ...................................................................*passim*

*Does v. Reddit, Inc.*,
    No. 8:21-CV-00768-JVS-KES, ECF No. 39....................................................31

*Dyroff v. Ultimate Software Grp., Inc.*,
    934 F.3d 1093 (2019)................................................................................46, 48

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
    713 F.3d 502 (9th Cir. 2013) ....................................................................42, 43

*In re Facebook, Inc.*,
    625 S.W.3d 80 (Tex. June 25, 2021) ...............................................................43

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) ..................................................................*passim*

*Friends of Yosemite Valley v. Kempthorne*,
    520 F.3d 1024 (9th Cir. 2008) .........................................................................5

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019) .............................................................30

*In re Germaine*,
    152 B.R. 619 (B.A.P.. 9th Cir. 1993) ..............................................................35

*Gonzalez v. Arizona*,
    677 F.3d 383 (9th Cir. 2012) (en banc) ..........................................................49

*Gonzalez v. Google LLC*,
   2 F.4th 871 (9th Cir. 2021) ....................................................................*passim*

*Hegler v. Borg*,
   50 F.3d 1472 (9th Cir. 1995) ...................................................................50

*Herrington v. Cty. of Sonoma*,
   12 F.3d 901 (9th Cir. 1993) ...............................................................23, 49

*J.B. v. Craigslist, Inc.*,
   No. 22-15290, 2023 WL 3220913 (9th Cir. May 3, 2023) ..............................29

*Jeffries v. Wood*,
   114 F.3d 1484 (9th Cir. 1997) ........................................................49, 50, 55

*Kappouta v. Valiant Integrated Servs., LLC*,
   60 F.4th 1213 (9th Cir. 2023) ...................................................................17

*Ladd v. Cty. of San Mateo*,
   12 Cal. 4th 913 (1996) ............................................................................46

*Lemmon v. Snap, Inc.*,
   995 F.3d 1085 (9th Cir. 2021) ........................................................37, 38, 39

*Melton v. Boustred*,
   183 Cal. App. 4th 521 (2010) .............................................................46, 47

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*,
   866 F.2d 228 (7th Cir. 1988) ...........................................................51, 55

*Peterson v. Highland Music, Inc.*,
   140 F.3d 1313 (9th Cir. 1998) .................................................................42

*Powell v. Comm'r*,
   791 F.2d 385 (5th Cir. 1986) ...................................................................34

*In re Social Media Adolescent Addiction/Personal Injury Products
   Liability Litigation*,
   2023 WL 7524912 (N.D. Cal. Nov. 14, 2023) ..........................................39, 45

*Twitter, Inc. v. Taamneh*,
   598 U.S. 471 (2023)..............................................................................*passim*

vi

*United States v. Afyare,*
632 F. App'x 272 (6th Cir. 2016) ...........................................................29

*United States v. Cuddy,*
147 F.3d 1111 (9th Cir. 1998) ...............................................................50

*United States v. Jingles,*
702 F.3d 494 (9th Cir. 2012) ............................................................23, 25

*United States v. Johnson,*
256 F.3d 895 (9th Cir. 2001) (en banc) .............................................26, 52

*United States v. Todd,*
627 F.3d 329 (9th Cir. 2010) ...................................................................6

*Van Tran v. Lindsey,*
212 F.3d 1143 (9th Cir. 2000) ................................................................51

*Wash. Pub. Utilities Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.,*
843 F.2d 319 (9th Cir. 1987) ..................................................................51

*Whittaker Corp. v. Execuair Corp.,*
953 F.2d 510 (9th Cir. 1992) ..................................................................42

## Statutes

10 U.S.C. § 920(g)(1)..............................................................................34

18 U.S.C. § 1591 ..............................................................................*passim*

18 U.S.C. § 1591(a)(1)......................................................................*passim*

18 U.S.C. § 1591(a)(2)......................................................................*passim*

18 U.S.C. §§ 1591(a)(2) and 1595 ...........................................1, 4, 12, 29

18 U.S.C. §§ 1591(a)(2), 1595(a) ...........................................................33

18 U.S.C. § 1591(e)(4).................................................................7, 29, 32

18 U.S.C. §§ 1595 and 2255 ....................................................................4

18 U.S.C. § 1595(a) ..........................................................................7, 13

18 U.S.C. § 2252A............................................................................*passim*

vii

18 U.S.C. §2255 ............................................................................................*passim*

18 U.S.C. § 2258A .................................................................41, 44, 45, 46

18 U.S.C. § 2258A(a)(1)(A) ...........................................................................44

18 U.S.C. § 2258E(6).....................................................................................44

28 U.S.C. § 1291 .............................................................................................4

28 U.S.C. §§ 1331, 1332, and 1337 ................................................................4

47 U.S.C. 230(c)(1)........................................................................................53

47 U.S.C. § 230(b)(1)–(2).................................................................................5

47 U.S.C. § 230(e)(5)(A) ....................................................................*passim*

## Other Authorities

164 Cong. Rec. S1849-08 (daily ed. Mar. 21, 2018)......................................8

164 Cong. Rec. S1851 (daily ed. March 21, 2018) (statement of Sen.
   Blumenthal).................................................................................................8

Fed. R. Civ. P. 12(b)(6)..................................................................................48

Fed. R. App. P. 26.1 .........................................................................................2

H.R. 1865, 115th .............................................................................................9

H.R. Rep. No. 115-572(I) (2018)....................................................................8

9th Cir. Rule 36-3(a) ......................................................................................55

S. Rep. No. 115-199 (2018) ............................................................................9

## **INTRODUCTION**

Plaintiffs John Doe #1 and John Doe #2 wrongly argue that their claims, which seek to hold Twitter, Inc.[1] liable for content third parties posted to its platform, are not barred by section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). In doing so, Plaintiffs urge this Court to disregard the law of the case, the law of the circuit, and the plain language of section 230. This Court should reject Plaintiffs' attack on this Court's precedent and re-affirm its prior holding, issued in this case on interlocutory appeal, that Plaintiffs' "complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online,' [which] activity 'is perforce immune under section 230.'" *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023) (quoting *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) (en banc)) (1-ER-19).

***First***, Plaintiffs fail to show that the district court erred by ruling that section 230 bars their claim against Twitter for allegedly benefitting from a sex-trafficking venture under 18 U.S.C. §§ 1591(a)(2) and 1595 (Count II). Notwithstanding Plaintiffs' contrary assertions (AOB 34-38), that claim seeks to treat Twitter as the

---

[1]  Twitter, Inc. merged into X Corp. and no longer exists. The Twitter platform was renamed to "X." For the sake of clarity and simplicity, and given the timing of the events at issue, X Corp. will refer to itself and the X platform as "Twitter" for this appeal.

1

publisher of alleged child pornography, also referred to as child sexual abuse material ("CSAM"), that third parties posted to Twitter. That is confirmed by the law of the case, *see Twitter*, 2023 WL 3220912, at \*2 (1-ER-19), the law of the circuit, *see Does v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022), and the text of section 230 coupled with Plaintiffs' allegations. Indeed, Plaintiffs allege that their claims "aris[e] from [Twitter's] conduct when it … hosted sexual exploitation materials … on its platform." 3-ER-408–09. That conduct "is perforce immune under section 230." *Twitter*, 2023 WL 3220912, at \*2 (1-ER-19).

Nor have Plaintiffs alleged sufficient facts to invoke an exception to section 230 in the Fight Online Sex Trafficking Act ("FOSTA"), 47 U.S.C. § 230(e)(5)(A). To do so, Plaintiffs needed to allege facts showing that Twitter "actively participated in sex trafficking." *Reddit*, 51 F.4th at 1145. But as the district court recognized (1-ER-13), Plaintiffs' allegations, like those in *Reddit*, at most merely suggest that Twitter turned a "blind eye" to unlawful content on its platform, not that it actively participated in sex trafficking. Accordingly, FOSTA's exception does not save Plaintiffs' sex-trafficking claim (Count II). *See Reddit*, 51 F.4th at 1145.

*Second*, Plaintiffs fail to show that the district court erred by ruling that section 230 bars their products-liability claim (Count V). Contrary to Plaintiffs' assertions (AOB 38-42), that claim, like Plaintiffs' others, seeks to treat Twitter as the publisher of third-party content. That is because the duty that Twitter allegedly

2

violated derives from its conduct as a publisher of third-party content: In particular, Plaintiffs contend (AOB 38) that, because Twitter designed a platform that allows "the mass dissemination of information," Twitter had a duty to provide users a mechanism "to report CSAM easily" and "block reported CSAM pending review."

*Third*, Plaintiffs fail to show that the district court erred by ruling that their negligence *per se* claim (Count VIII) is barred by section 230. Plaintiffs forfeited their new argument that this claim is distinct from their two other negligence claims and does not seek to treat Twitter as a publisher of third-party content. Specifically, Plaintiffs told the district court that it "should treat their negligence *per se* claim as support to, and part of, the other negligence claims." 3-ER-330. Regardless, the alleged duty for this claim—failing to report apparent child pornography to the National Center for Missing and Exploited Children ("NCMEC")—derives from Twitter's status as a publisher because Twitter's duty to report such content to NCMEC derives from it providing a platform for third parties to upload content. And "[t]he decision to permit users to upload content to a website is a quintessential function of a publisher." *Doe v. Reddit, Inc.*, 2021 WL 5860904, at *6 (C.D. Cal. Oct. 7, 2021), *aff'd*, *Reddit*, 51 F.4th 1137.

*Fourth*, Plaintiffs fail to establish that the district court and this Court erred when they ruled that section 230 bars Plaintiffs' claim for alleged receipt and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255 (Count IV).

3

Plaintiffs concede (AOB 46) that this Court has already resolved this legal question in Twitter's favor, and no merits panel is authorized to contravene a prior merits panel on precisely the same legal question previously resolved. Even setting that aside, Plaintiffs fail to show that the prior panel committed clear error, which resulted in manifest injustice, by holding that Plaintiffs' "complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online,' [and that] such activity 'is perforce immune under section 230.'" *Twitter*, 2023 WL 3220912, at *2 (1-ER-19).

For these reasons and more, this Court should affirm.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1337, as well as 18 U.S.C. §§ 1595 and 2255. This Court has jurisdiction under 28 U.S.C. § 1291 because this appeal arises from a final decision of the U.S. District Court for the Northern District of California. 2-ER-78.

## ISSUES PRESENTED FOR REVIEW

1.　Whether the district court correctly ruled that section 230 bars Plaintiffs' sex-trafficking claim under 18 U.S.C. §§ 1591(a)(2) and 1595 (Count II).

2.　Whether the district court correctly ruled that section 230 bars Plaintiffs' products-liability claim (Count V).

4

3.      Whether the district court correctly ruled that section 230 bars Plaintiffs' negligence *per se* claim (Count VIII).

4.      Whether this Court can and should overturn its prior holding, on an interlocutory appeal, that section 230 bars Plaintiffs' "child pornography" claim under 18 U.S.C. §§ 2252A and 2255 (Count IV).[2]

## STATEMENT OF THE CASE

**I.      STATUTORY BACKGROUND**

This appeal involves the interplay between section 230, various federal criminal laws, and FOSTA.

**A.      The Communications Decency Act**

Congress enacted section 230 of the Communications Decency Act in 1996 to promote the "continued development of the Internet" as a "vibrant and competitive free market … unfettered by Federal or State regulation."  47 U.S.C. § 230(b)(1)–(2).  This Court has recognized Congress's intent "to promote the free exchange of information and ideas over the Internet and to encourage voluntary monitoring for offensive or obscene material."  *Gonzalez v. Google LLC*, 2 F.4th 871, 886 (9th Cir. 2021), *rev'd sub nom. on other grounds by Twitter, Inc. v.*

---

[2]  On appeal, Plaintiffs do not challenge the dismissal of Counts I, III, VI, VII, IX, X, XI, XII, and XII.  *See* AOB 2-3.  Plaintiffs thus waived the right to challenge the dismissal of those claims.  *See, e.g.*, *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

*Taamneh*, 598 U.S. 471 (2023).  Congress "made a policy choice … not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages."  *Id.*

To that end, section 230 creates immunity for claims against websites based on content uploaded by their users:  "No provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  Put simply, section 230 immunizes "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online."  *Roommates*, 521 F.3d at 1170-71.

## B.    Federal Sex-Trafficking and Child-Pornography Laws

Various federal laws prohibit "sex trafficking," meaning "selling the sexual services of human beings."  *United States v. Todd*, 627 F.3d 329, 330 (9th Cir. 2010).  Section 1591 "is the federal criminal sex trafficking statute."  *Reddit*, 51 F.4th at 1141.  Two provisions of section 1591 are relevant here.

First, section 1591(a)(1) imposes criminal liability on anyone who "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act."  18 U.S.C. § 1591(a)(1).  A "commercial sex act" is "any sex

act, on account of which anything of value is given to or received by any person."
*Id.* § 1591(e)(3).

Second, section 1591(a)(2) imposes criminal liability on anyone who "knowingly … benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]." *Id.* § 1591(a)(2). "'[P]articipation in a venture' means knowingly assisting, supporting, or facilitating a violation of [section 1591(a)(1)]." *Id.* § 1591(e)(4). The liability under section 1591(a)(2) is sometimes referred to as "beneficiary" liability, whereas the liability under section 1591(a)(1) is sometimes referred to as "direct" liability

"[S]ection 1595 … provides a civil cause of action for violations of the[se] federal trafficking laws." *Reddit*, 51 F.4th at 1141. It provides: "An individual who is a victim of a violation of this chapter [i.e., Chapter 77, which includes section 1591] may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." 18 U.S.C. § 1595(a).

## C. The Fight Online Sex Trafficking Act ("FOSTA")

In 2018, Congress enacted FOSTA in response to the proliferation of a small number of websites that were deliberately and actively facilitating prostitution and

7

sex trafficking while using section 230 as a shield from liability. *See* Pub. L. No. 115-164, 132 Stat. 1253 ("It is the sense of Congress that [section 230] was never intended to provide legal protection to websites that unlawfully promote and facilitate prostitution."). As Congress explained, "online classified sites like Backpage.com, Eros, [and] Massage Troll … ha[d] gone beyond merely hosting advertisements" and had "purposely created platforms designed to facilitate prostitution and sex trafficking." H.R. Rep. No. 115-572(I) *3-5 (2018).

Congress found that Backpage.com "had knowingly concealed evidence of criminality by systematically editing its 'Adult' ads [by] automatically delet[ing] incriminating words [and] then manually delet[ing] incriminating language that filters missed." *Id.* Worse still, Backpage's business model relied almost entirely on advertisements "designed to sell children for sex." *See* 164 Cong. Rec. S1849-08, S1860 (daily ed. Mar. 21, 2018).

Against this backdrop, Congress passed FOSTA "to give survivors their day in court" and "open avenues of prosecution to law enforcement where they are currently roadblocked." *Reddit*, 51 F.4th at 1144 (quoting 164 Cong. Rec. S1851 (daily ed. March 21, 2018) (statement of Sen. Blumenthal)). FOSTA's exception to section 230 immunity provides: "Nothing in [section 230] … shall be construed to impair or limit … any claim in a civil action brought under section 1595 of title 18,

8

if the conduct underlying the claim constitutes a violation of section 1591 of that title." 47 U.S.C. § 230(e)(5)(A).

"As first introduced in the House, FOSTA simply stated that section 230 did not 'impair the enforcement of, or limit availability of victim restitution or civil remedies under … civil laws relating to sexual exploitation of children or sex trafficking.'" *Reddit*, 51 F.4th at 1144 (quoting H.R. 1865, 115th Cong. § 3 (Apr. 3, 2017). S. 1693, 115th Cong. § 3 (Aug. 1, 2017)). "This version of FOSTA would have created an immunity exception for all section 1595 claims against websites." *Id.*

"Opponents of the bill, however, were concerned that it would 'bring a deluge of frivolous litigation targeting legitimate, law-abiding intermediaries' because it was 'unbounded by any actual knowledge' requirement." *Id.* "These opponents suggested amendments to require 'a clear sense of knowing,' as to 'not damage those who are truly trying to grow and innovate based on that protection they get from lawsuits.'" *Id.*

"In response, the Senate altered the bill to its current form to 'eliminate section 230 as a defense for websites that ***knowingly*** facilitate sex trafficking." *Id.* (emphasis added) (quoting S. Rep. No. 115-199, at 2 (2018)). "As reintroduced, the bill's 'knowing standard' was intended to create a 'high bar' for liability." *Id.* "[T]he House bill's original sponsor, complained that the new version so

9

dramatically 'narrowed' the immunity exception and that 'the "knowingly" *mens rea* standard … w[ould] not provide operational recourse to justice for victims across the country and thus may not actually prevent future victimization." *Id.* This Court agreed, explaining that FOSTA's exception "retains only a limited capacity to accomplish its original goal of allowing trafficking victims to hold websites accountable." *Id.* at 1145.

## II.     FACTUAL ALLEGATIONS

Unless otherwise stated, the following facts are alleged in the Plaintiffs' First Amended Complaint, the operative complaint and the same complaint this Court considered on the parties' prior interlocutory appeals. *Twitter*, 2023 WL 3220912 (1-ER-15–20).

In 2017, when Plaintiffs were minors, they were tricked into sending explicit photos of themselves to unknown perpetrators using Snapchat—an online messaging application unaffiliated with Twitter. 3-ER-433–34 (¶¶ 87-89). The perpetrators used the photos to blackmail Plaintiffs into sending explicit videos of themselves. 3-ER-434 (¶¶ 90-91). John Doe #1, whose phone was used to send the photos and videos, subsequently cut off communication with the perpetrators. 3-ER-434–35 (¶¶ 94-96). Plaintiffs never heard from the perpetrators again. 3-ER-435 (¶ 96).

Plaintiffs do not allege that the perpetrators used Twitter to communicate with them. Nor do Plaintiffs allege that the perpetrators used Twitter to send, receive, or

post any of the photos or videos. Indeed, Plaintiffs do not allege any connection between Twitter and the events of 2017.

About three years later, in January 2020, Plaintiffs learned that an unknown person posted the videos of them to Twitter. 3-ER-437 (¶¶ 105, 107). John Doe #1 and his mother reported the videos to Twitter using its content-reporting interface three times, beginning on January 21, 2020, and they submitted a picture of John Doe #1's driver's license. 3-ER-437–40 (¶¶ 112-17). They also emailed Twitter about the videos. John Doe #1 identified himself as a minor and stated that "these tweets are videos of me and a friend taken from 3 years ago … from harassment and being threatened." 3-ER-438 (¶ 114). His mother wrote that John Doe #1 "had been a victim in a sex abuse situation" and wanted the videos removed. 3-ER-440 (¶ 119).

On January 28, 2020, Twitter responded, stating that it had reviewed the videos and did not find a violation of its policies. 3-ER-440 (¶ 120). Shortly after, John Doe #1's mother contacted an agent of the U.S. Department of Homeland Security, and he contacted Twitter. 3-ER-444 (¶ 128). Twitter then immediately removed the videos on or around January 30, 2020, a total of nine days after receiving the report from John Doe #1. 3-ER-444 (¶ 128). Twitter also suspended the accounts that posted the videos and reported the videos to NCMEC, 3-ER-444 (¶ 129), "a private, non-profit 501(c)(3) corporation whose mission is to help find

11

missing children, reduce child sexual exploitation, and prevent child victimization."[3]

NCMEC operates a CyberTipline, "the nation's centralized reporting system for the online exploitation of children."[4]

## III. PROCEDURAL BACKGROUND

On January 20, 2021, Plaintiff John Doe #1 filed an initial complaint, asserting eleven claims against Twitter. D. Ct. Dkt. No. 1. Those claims included: a federal claim for benefitting from a sex-trafficking venture in violation of 18 U.S.C. §§ 1591(a)(2) and 1595 (*id.* ¶¶ 102-12); a claim for receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252A and 2255 (*id.* ¶¶ 120-26); a products-liability claim under California state law (*id.* ¶¶ 127-39); and a negligence *per se* claim under California state law (*id.* ¶¶ 153-55).

Twitter moved to dismiss, D. Ct. Dkt. 38, and on April 7, 2021, John Doe #1 filed a First Amended Complaint that added a new plaintiff, John Doe #2, and two additional claims, 3-ER-407-61. Twitter again moved to dismiss. 2-ER-335–67.

### A. The District Court Dismisses All But One Of Plaintiffs' Claims

On August 19, 2021, the district court dismissed all but one of Plaintiffs' thirteen claims. 1-ER-21–76. The sole remaining claim was Plaintiffs' claim that Twitter knowingly participated in a sex-trafficking venture in violation of 18 U.S.C.

---

[3] https://www.missingkids.org/footer/about.

[4] https://www.missingkids.org/gethelpnow/cybertipline.

§§ 1591(a)(2) and 1595 (Count II). 1-ER-53-67. The district court reasoned that the claim was exempt from section 230 based on FOSTA's exception to section 230, which provides: "Nothing in [section 230] … shall be construed to impair or limit … any claim in a civil action brought under section 1595 of title 18, *if the conduct underlying the claim constitutes a violation of section 1591 of that title*." 47 U.S.C. § 230(e)(5)(A) (emphasis added).

The district court held that, to invoke this exception, Plaintiffs did not have to allege that Twitter itself violated the criminal sex-trafficking statute, section 1591. 1-ER-62. As such, the district court did not determine whether Plaintiffs alleged sufficient facts to show that Twitter had violated section 1591(a)(2). 1-ER-62. Rather, applying the civil provision, section 1595(a), the district court analyzed whether Plaintiffs had alleged that Twitter knowingly benefitted from participating in a venture that it "knew or should have known" committed a violation of the criminal sex-trafficking statute, section 1591. 1-ER-62–67. The district court found that Plaintiffs' allegations satisfied this less-demanding "should have known" standard. 1-ER-64, 66–67.

### B. On Interlocutory Appeal, This Court Directed The District Court To Reconsider The Viability of Plaintiffs' Remaining Claim

Both Twitter and Plaintiffs pursued interlocutory cross-appeals, with Twitter seeking to appeal the district court's denial of its motion to dismiss the remaining sex-trafficking claim (Count II), 9th Cir. Case No. 21-80112, Dkt. No. 1-3 at 10-11,

13

and Plaintiffs seeking to appeal the district court's dismissal of Counts I and IV, *id.*, Dkt. No. 2-1 at 16. This Court granted both Twitter and Plaintiffs permission to appeal. SER-5.

While the appeals were pending, this Court decided *Does v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022). This Court held that, "for a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's own conduct violated section 1591." *Id.* at 1141. *Reddit* specifically held that this standard is not satisfied when a website merely "provides a platform where it is easy to share child pornography" or "fails to remove child pornography even when users report it." *Id.* at 1145. "In a sex trafficking beneficiary suit *against a defendant-website*, the most important component is the defendant website's own conduct—its 'participation in the venture.'" *Id.* at 1142. "A complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—would not survive." *Id.* The *Reddit* plaintiffs petitioned for certiorari, which the Supreme Court denied. *Does v. Reddit, Inc.*, 143 S. Ct. 2560 (2023).

On interlocutory appeal in this case, this Court affirmed the district court's dismissal of Counts I and IV; reversed the district court's denial of Twitter's motion to dismiss the remaining claim (Count II) because it was contrary to *Reddit*; and remanded "for further proceedings to be conducted in a manner consistent with … *Reddit*." *Twitter*, 2023 WL 3220912, at *1-2 (1-ER-15–20).

14

Plaintiffs petitioned for rehearing and rehearing en banc. 9th Cir. Case No. 22-15103, Dkt. 80. The panel unanimously voted to deny the petition, and no judge of this Court requested a vote to rehear the matter en banc. SER-3–4.

## C. The District Court Dismissed Plaintiffs' Remaining Claim

On remand, Twitter moved to dismiss Plaintiffs' sole remaining claim (Count II). 2-ER-79–97. On December 11, 2023, the district court granted the motion with prejudice. *Doe v. Twitter, Inc.*, 2023 WL 8568911, at *8 (Dec. 11, 2023) (1-ER-14). The district court acknowledged that this Court had "remanded … for consideration of whether the FOSTA exemption … applies … under the standard set forth in *Reddit*." *Id.* at *6 (1-ER-11). The district court held that the *Reddit* standard was not met, and that section 230 therefore barred the claim. *Id.* (1-ER-11).

As the district court explained, "[t]he principal teaching of *Reddit* is that … for Plaintiffs to invoke FOSTA's exemption …, they must show that Twitter's own conduct violates Section 1591." *Id.* at *7 (1-ER-10). And "[a] complaint against a website that merely alleges trafficking by the website's users—without participation of the website—[does] not survive." *Id.* (quoting *Reddit*, 51 F.4th at 1142) (1-ER-11).

The district court rejected Plaintiffs' argument that they "met the *Reddit* standard because they have alleged facts showing Twitter had 'actual knowledge' that the photos were the product of child sex trafficking and affirmatively refused to

15

remove them." *Id.* Plaintiffs' allegations were "essentially the same as the ones alleged in *Reddit* as to the website's awareness of and participation in alleged sex trafficking." *Id.* And those facts "were found to be insufficient by the Ninth Circuit." *Id.*

The factual parallels between the Reddit allegations and those here were apparent to the district court: "the plaintiffs in *Reddit* alleged—and the Ninth Circuit recognized—that requests to remove the offensive posts were also made directly to Reddit employees, just as the requests in this case are alleged to have been made directly to Twitter." *Id.* (citing *Reddit*, 51 F.4th at 1139 ("Each plaintiff tells a similar story: after discovering explicit images or videos of their children (or themselves) posted to one or more subreddits, they immediately reported the content to the subreddit moderators *and to Reddit employees*.")) (1-ER-13). Accordingly, the district court concluded that "under *Reddit*, the conduct alleged in this case amounts to 'turning a blind eye' rather than 'active participation' in sex trafficking and therefore does not amount to a criminal violation of section 1591(a)(2) as is required to fall outside of the immunity established under CDA § 230." *Id.*

The district court also rejected Plaintiffs' argument that their section 1591(a)(2) claim "does not treat Twitter as a publisher and therefore falls outside of Section 230 immunity altogether." *Id.* at *6 n.4 (1-ER-11 n.4). When a "complaint targets 'activity that can be boiled down to deciding whether to exclude material that

16

third parties seek to post online,' such activity 'is perforce immune under section 230.'" *Id.* (quoting *Twitter*, 2023 WL 3220912, at *2; *Roommates.com*, 521 F.3d at 1170-71). And that is "consistent with the Ninth Circuit's holding in *Reddit*." *Id.* As such, the district court concluded, "this question has already been decided by the Ninth Circuit, both in this case and under *Reddit*." *Id.*

The district court also acknowledged that Plaintiffs had not alleged that the persons who uploaded the videos of them were the same persons who blackmailed them into creating the videos. *Id.* at *8 n.6 (1-ER-12 n.6). "[T]he allegations on that question [were] unclear," and Plaintiffs did "not explicitly allege that the images were uploaded to Twitter by the same individuals who allegedly procured the explicit content." *Id.*

In sum, the district court ruled that section 230 barred Plaintiffs' sex-trafficking claim (Count II). *Id.* at *8. The district court therefore granted Twitter's motion to dismiss with prejudice, *id.*, and entered judgment, 2-ER-78. This appeal followed. 3-ER-462–66.

## STANDARD OF REVIEW

This Court reviews "a decision on a motion to dismiss for failure to state a claim de novo," *Reddit*, 51 F.4th at 1140, and "may affirm on any basis supported by the record," *Kappouta v. Valiant Integrated Servs., LLC*, 60 F.4th 1213, 1216 (9th Cir. 2023).

17

## SUMMARY OF ARGUMENT

Plaintiffs openly seek to overrule the law of the case and the law of this circuit and to eviscerate the protections afforded to websites by section 230. This Court should reject their attempt.

I. As this Court has recognized, the district court correctly ruled that Plaintiffs' claims are barred by section 230 because Plaintiffs' "complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online.'" *Twitter*, 2023 WL 3220912, at *2 (1-ER-19). That "activity 'is perforce immune under section 230." *Id.* Plaintiffs' arguments to the contrary are unavailing.

A. Plaintiffs' sex-trafficking claim (Count II) treats Twitter as a publisher or speaker of third-party content. As the district court recognized, the law of the case, this Court's precedent, and the text of section 230 all align against Plaintiffs' arguments here. *See Twitter*, 2023 WL 8568911, at *6 n.4 (1-ER-11 n.4). Plaintiffs allege, much as the *Reddit* plaintiffs did, that "Twitter refused to remove the illegal material," 3-ER-410 (¶ 6), and that "Twitter has not adequately used the technology that is within its power and control to effectively remove CSAM from its platform," 3-ER-426 (¶ 63). These allegations challenge Twitter's decision "whether to exclude material," *Barnes*, 570 F.3d at 1102, a core function of a publisher.

18

Plaintiffs also fail to allege sufficient facts to invoke FOSTA's exception to section 230 immunity. Plaintiffs merely claim that Twitter failed to police its platform as effectively as it should have. Per *Reddit*, that differs categorically from actively participating in a sex-trafficking venture.

Plaintiffs also fail to allege that Twitter had any relationship with a sex trafficker, a necessary element of their sex-trafficking claim (Count II). Plaintiffs claim they were blackmailed into creating the alleged content in 2017 on a different social-media platform, Snapchat. Years later, in 2020, unidentified persons, not necessarily the persons who procured that content, posted it to Twitter. Plaintiffs' complaint does not connect the dots between Twitter and the persons who procured the content on Snapchat in 2017. On these facts, Twitter cannot be said to have participated in a sex-trafficking venture.

B. In addition, Plaintiffs' design-defect claim (Count V) treats Twitter as the publisher of third-party content. Plaintiffs contend (AOB 38) that Twitter created a platform to "allow and promote the mass dissemination of information to large numbers of people," and for this reason, Twitter was required to ensure that child pornography was not shared on its platform. Such an alleged duty would plainly derive from Twitter's status as a publisher because "dissemination of information" is synonymous with publication, and the alleged duty is based solely on Twitter's decision to allow third parties to publish content on its platform.

19

C. Plaintiffs' negligence *per se* claim (Count VIII) also treats Twitter as a publisher. At the threshold, Plaintiffs forfeited their contrary argument on this point by not raising it in the district court and instead telling the district court that it "should treat their negligence *per se* claim as a support to, and part of, the other negligence claims," 3-ER-330—which Plaintiffs concede sought to hold Twitter liable for failing to promptly remove content from its platform, 3-ER-452 (¶ 195). Regardless, the alleged statutory duty to report such content to NCMEC would derive from Twitter's status as a publisher because Twitter would not have that alleged duty but for its decision to allow third parties to publish content on its platform.

In any event, the negligence *per se* claim is not legally viable: Plaintiffs have not alleged any facts showing that Twitter owed them a duty of care. That is because their claim is not based on **mis**feasance but rather **non**feasance—failing to remove content—and Plaintiffs have not alleged any special relationship between them and Twitter.

D. Finally, this Court's prior affirmance of the dismissal of Plaintiffs' claim for receipt and distribution of child pornography (Count IV) is dispositive and precludes Plaintiffs from relitigating that dismissal. Applying settled precedent governing section 230, this Court has already held that Plaintiffs' specific "complaint targets 'activity that can be boiled down to deciding whether to exclude

20

material that third parties seek to post online,' [and] such activity 'is perforce immune under section 230.'" *Twitter*, 2023 WL 3220912, at \*2 (1-ER-19). The same legal holding and governing precedent are dispositive here. Nor was it error of any kind, much less clear error, for the prior panel to follow binding precedent, including *Reddit*.

## ARGUMENT

**I.      SECTION 230 BARS PLAINTIFFS' CLAIMS IN THEIR ENTIRETY**

Section 230(c)(1) "protects websites from liability for material posted on the website by someone else." *Reddit*, 51 F.4th at 1141. It provides, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).

"The decision to permit users to upload content to a website is a quintessential function of a publisher." *Reddit, Inc.*, 2021 WL 5860904, at \*6, *aff'd Reddit*, 51 F.4th 1137. "Any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune" under section 230. *Roommates*, 521 F.3d at 1170-71. Further, "close cases … must be resolved in favor of immunity." *Id.* at 1174.

Section 230 "precludes liability for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat … as a publisher or speaker

21

(3) of information provided by another information content provider.'" *Google*, 2 F.4th at 891. As to the first element, "the most common interactive computer services are websites," like Twitter. *Roommates*, 521 F.3d at 1162 n.6. As to the second and third elements, "publication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

Here, section 230's elements are easily satisfied: Twitter operates a website, and, as this Court already held, Plaintiffs' operative complaint "targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online.'" *Twitter*, 2023 WL 3220912, at *2 (1-ER-17). "[S]uch activity 'is perforce immune under section 230." *Id.*. Plaintiffs' attempts to avoid section 230 fail.

## A. The District Court Correctly Held That Section 230 Bars Plaintiffs' Sex-Trafficking Claim (Count II)

Plaintiffs erroneously argue that (1) their sex-trafficking claim (Count II) is not subject to section 230 because it does not treat Twitter as a "publisher or speaker" and (2) the claim satisfies FOSTA's exception to section 230 immunity. The district court correctly rejected both arguments.

22

### 1. *The district court correctly held that Plaintiffs' sex-trafficking claim (Count II) is subject to section 230*

The district court correctly rejected Plaintiffs' argument (AOB 35) that their beneficiary-liability sex-trafficking claim (Count II) does not treat Twitter as a publisher or speaker." *See Twitter*, 2023 WL 8568911, at *6 n.4 (1-ER-13 n.6). As the district court recognized, this argument is foreclosed by the law of the case, this Court's precedent, and the plain language of section 230(c)(1). *Id.*

**Law of the Case.** The "law of the case" doctrine precludes Plaintiffs' argument that section 230 does not apply to their sex-trafficking claim (Count II) because this Court has already held that Plaintiffs' operative complaint targets activity that "is perforce immune under section 230." *Twitter*, 2023 WL 3220912, at *2 (quoting *Roommates*, 521 F.3d at 1170-71) (1-ER-19).

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993). "The doctrine 'is a judicial invention designed to aid in the efficient operation of court affairs.'" *Id.* "[A] court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Id.* "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Id.*; *accord United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012).

23

Here, the central premise for Twitter's interlocutory appeal, which this Court granted, was that section 230 applies to Plaintiffs' section 1591(a)(2) claim (Count II), such that Plaintiffs needed to allege facts triggering the immunity carve-out in section 230(e)(5)(A). 9th Cir. Case No. 21-80112, Dkt. No. 1-3 at 10-11. The question on appeal was "[w]hether the immunity carve-out in Section 230(e)(5)(A) requires that a plaintiff plead a violation of Section 1591." *Id.* This Court answered in the affirmative, holding that, for a plaintiff to invoke FOSTA's exception, the plaintiff must, under *Reddit*, "plausibly allege that the website's own conduct violated section 1591." *Twitter*, 2023 WL 3220912, at *1 (1-ER-18). By Plaintiffs' instant account, however, Twitter's appeal never should have been certified, much less decided as it was: If Twitter was not a publisher or speaker, such that section 230 did not apply, then there would have been no occasion to remand the case for a determination whether FOSTA's exception to section 230 applied in light of *Reddit*. *See id.* at *2 (1-ER-20).

Beyond that, this Court expressly held that Plaintiffs' operative "complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online"—which activity "is perforce immune under section 230[(c)(1)]." *Id.* (quoting *Roommates*, 521 F.3d at 1170-71) (1-ER-19). And this Court rejected Plaintiffs' argument that section 230(c)(1) did not bar their claim for possession and distribution of child pornography under 18 U.S.C. §§ 2252A and

2255 (Count IV). *Twitter*, 2023 WL 3220912, at *2 (1-ER-19–20). Because Plaintiffs' sex-trafficking claim (Count II) challenges the same activity, *see* 3-ER-445-46, the law of the case dictates that section 230 bars that claim as well. Moreover, if section 230 did not apply, there would have been no reason for this Court to remand "for further proceedings to be conducted in a manner consistent with … *Reddit*," a case which analyzed whether the plaintiffs alleged sufficient facts to trigger the immunity carve-out in section 230(e)(5)(A). *Twitter*, 2023 WL 3220912, at *2 (1-ER-20); *see Reddit*, 51 F.4th at 1145-46. Thus, this Court at a minimum, "decided … by necessary implication," *Jingles*, 702 F.3d at 499, that section 230 applies to Plaintiffs' section 1591(a)(2) claim (Count II). If this Court had not, there would have been no warrant for it to accept and decide Twitter's interlocutory appeal. Plaintiffs' section 230 argument is therefore foreclosed by the law of the case. *Id.* Accepting Plaintiffs' last-ditch bid to jettison section 230 from the case would defy the prior panel's holding.

*Law of the Circuit.* Plaintiffs' argument is also foreclosed by the law of the circuit, as the district court recognized. *See Twitter*, 2023 WL 8568911, at *6 n.4 (1-ER-11 n.4). "[W]here it is clear that a majority of [a] panel has focused on the legal issue presented by the case before it and made a deliberate decision to resolve the issue, that ruling becomes the law of the circuit and can only be overturned by

25

an en banc court or by the Supreme Court." *United States v. Johnson*, 256 F.3d 895, 915-16 (9th Cir. 2001) (en banc).

That rule applies here. *Reddit* resolved the question at issue in this appeal: whether section 230 applies to a beneficiary liability sex-trafficking claim based on allegations that a website failed to remove child pornography posted by a third party. 51 F.4th at 1139. There, like here, the plaintiffs alleged that "[u]sers of the social media platform Reddit posted and circulated sexually explicit images and videos of minors online." *Id.* As Plaintiffs do here, the *Reddit* plaintiffs alleged that Reddit violated section 1591(a)(2). *Id.* at 1140. In *Reddit*, this Court held in no uncertain terms that "the plaintiffs' claims treat Reddit 'as the publisher of speaker' of 'information provided by another information content provider.'" *Id.* at 1141.[5]

***Section 230.*** Plaintiffs' argument that Twitter is not a publisher or speaker also defies the plain language of section 230: "No provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).

---

[5] Plaintiffs cannot undermine this holding by arguing (AOB 17) that the parties in *Reddit* "agree[d] that section 230 immunity applies to the claims against Reddit,." 51 F.4th at 1141. Rather than merely assuming without deciding that section 230 applied, the *Reddit* panel made a "deliberate decision" (as that phrase is used in *Johnson*, 256 F.3d at 915) to hold that the plaintiffs' section 1591(a)(2) claim treated Reddit as a "publisher or speaker." *Reddit*, 51 F.4th at 1141. This Court is bound by that holding, regardless whether the *Reddit* parties agreed on the issue. *See, e.g.*, *Johnson*, 256 F.3d at 915.

"[P]ublication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes*, 570 F.3d at 1102. "Any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Roommates*, 521 F.3d at 1170-71.

That is precisely the alleged conduct that Plaintiffs challenge here. Plaintiffs allege that, when Twitter was notified of the relevant content, "Twitter refused to remove" it. 3-ER-410 (¶ 6). And they allege that "Twitter has not adequately used the technology that is within its power and control to effectively remove CSAM from its platform." 3-ER-426 (¶ 63). At bottom, Plaintiffs' sex-trafficking claim (Count II) challenges Twitter's decision "whether to exclude" third-party content. *Barnes*, 570 F.3d at 1102. That falls squarely within the text of section 230(c)(1). *See id.*

\* \* \*

In sum, Plaintiffs' argument that their sex-trafficking claim (Count II) does not seek to treat Twitter as a "publisher or speaker" is foreclosed by the law of the case, this Court's precedent, and the plain language of section 230.

### 2. *The district court correctly applied Reddit to rule that FOSTA's exception to section 230 did not apply*

The district court also correctly rejected Plaintiffs' argument (AOB 28-34) that FOSTA's exception to section 230 immunity applied. That exception provides, "Nothing in [section 230] … shall be construed to impair or limit … any claim in a

27

civil action brought under section 1595 of title 18, *if the conduct underlying the claim constitutes a violation of section 1591 of that title*." 47 U.S.C. § 230(e)(5)(A) (emphasis added). In *Reddit*, this Court held that "a website's own conduct must violate 18 U.S.C. § 1591 for the immunity exception to apply.'" 51 F.4th at 1143.

*Reddit* also decided whether the plaintiffs there had alleged facts showing that Reddit violated section 1591(a)(2). The plaintiffs were "the parents of minors, and one former minor, who … had sexually explicit images and videos of them posted to Reddit." *Id.* at 1139. They alleged that, "after discovering explicit images or videos of their children (or themselves) posted to one or more subreddits, they immediately reported the content to the subreddit moderators and to Reddit employees." *Id.* "Reddit sometimes—though not always—removed the content, only for it to be reposted shortly afterward." *Id.* "This cycle repeated again and again across different subreddits." *Id.* "Collectively, the plaintiffs contacted Reddit hundreds of times to report the explicit posts." *Id.*

The plaintiffs also alleged that the "presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue." *Id.* According to those plaintiffs, "Reddit earns substantial advertising revenue from subreddits that feature child pornography because they generate controversy and attract viewers." *Id.* at 1139-40. Further, the plaintiffs maintained that "Reddit financially benefits

28

from openly hosting child pornography." *Id.* at 1140. And the plaintiffs brought claims under sections 1591(a)(2) and 1595, "claiming that Reddit is liable as a beneficiary of child sex trafficking." *Id.*

These allegations failed to show that Reddit violated section 1591(a)(2). The plaintiffs failed to allege sufficient facts to demonstrate that Reddit "knowingly … benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in [a sex trafficking act], knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2). "Participation in a venture" is defined as "knowingly assisting, supporting, or facilitating" sex trafficking activities. *Reddit*, 51 F.4th at 1145 (quoting 18 U.S.C. § 1591(e)(4)). Construing this language, *Reddit* held that, "to hold a defendant criminally liable as a beneficiary of sex trafficking, the defendant must have actually 'engaged in some aspect of the sex trafficking.'" *Id.* (quoting *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)); *accord J.B. v. Craigslist, Inc.*, No. 22-15290, 2023 WL 3220913, at *1 (9th Cir. May 3, 2023); *Twitter*, 2023 WL 3220912, at *2 (1-ER-18); *Doe v. Grindr Inc.*, 2023 WL 9066310, at *7 (C.D. Cal. Dec. 28, 2023); *Doe v. Snap Inc.*, 2023 WL 3830365 (S.D. Cal. June 5, 2023).

Accordingly, '[t]he statute does not target those that merely 'turn a blind eye to the source of their [revenue].'" *Reddit*, 51 F.4th at 1145. Rather, "knowingly

29

benefiting from participation in such a venture requires actual knowledge and 'a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit.'" *Id.* (quoting *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)).

Here, Plaintiffs' arguments and allegations (AOB 28-34) are indistinguishable from those that proved deficient in *Reddit*. Like the *Reddit* plaintiffs, Plaintiffs here allege that Twitter violated section 1591(a)(2), which imposes criminal liability on anyone who "knowingly … benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). As the district court recognized, Plaintiffs failed to allege facts establishing that Twitter itself committed "a criminal violation of section 1591(a)(2) as is required to fall outside of the immunity established under CDA § 230." *Twitter*, 2023 WL 8568911, at *8 (1-ER-13). There are no allegations that Twitter had "engaged in some aspect of the sex trafficking." *Reddit*, 51 F.4th at 1145. At most, "the conduct alleged in this case amounts to 'turning a blind eye' rather than 'active participation' in sex trafficking.'" *Twitter*, 2023 WL 8568911, at *8 (1-ER-13). For example, Plaintiffs alleged that Twitter "ignored" John Doe #1's plea for help, 3-ER-443 (¶ 124), and that Twitter "would have" known that the videos depicting them were child pornography if Twitter "had reviewed the materials [John Doe #1] provided as [Twitter] claimed," 3-ER-442 (¶ 123). These

30

allegations mirrored those in *Reddit*. Accordingly, the district court held that Plaintiffs had not alleged a violation of section 1591(a)(2), such that FOSTA's exception did not apply. *Twitter*, 2023 WL 8568911, at *8 (1-ER-13). That followed inexorably from *Reddit*. This Court should affirm.

### 3. *Plaintiffs' attempt to circumvent* Reddit *are unavailing*

Attempting to circumvent this straightforward application of *Reddit*, Plaintiffs raise a number of unavailing arguments.

Plaintiffs erroneously attempt to distinguish *Reddit* by arguing (AOB 20) that "Twitter had actual knowledge that specific CSAM videos depicting Plaintiffs were illegal, that the videos were the continuation of a sex trafficking venture, that Twitter's servers were in possession of the criminal images, and that Twitter was directly profiting from this material." In actuality, these accusations mirror the ones in *Reddit*.

The *Reddit* plaintiffs alleged that "Reddit was made aware of the specific [CSAM] depicting Plaintiffs … posted to its website, and although it had access to free technology to automatically locate and put an end to further distribution of that [CSAM], it failed to do so." *Does v. Reddit, Inc.*, No. 8:21-CV-00768-JVS-KES, ECF No. 39 (First Am. Compl.) ¶ 142 (filed July 7, 2021). They alleged that "Reddit had knowledge of the specific [CSAM] featuring sexually explicit images of Plaintiffs … on Reddit's website, including because Plaintiffs (and others) reported

31

those images to Reddit, including reporting [CSAM] posts to Reddit that Reddit decided not to remove." *Id.* ¶ 233. And they alleged that certain Reddit users would repeatedly post child pornography with little or no repercussions. *See id.* ¶¶ 151-52, 168, 172.

This Court held in *Reddit* that such conduct did not amount to a criminal violation of section 1591(a)(2). 51 F.4th at 1145. Such allegations merely "suggest" that the website "'turned a blind eye' to the unlawful content posted on its platform, not that it actively participated in sex trafficking." *Id.* The same holds here.

Nor is there merit to Plaintiffs' argument (AOB 23) that "[s]ection 1591(a)(2) has two independent *mens rea* standards that satisfy the criminal statute: 'knowledge' and 'reckless disregard of fact.'" According to Plaintiffs (AOB 24), section 1591(a)(2) "prohibits benefiting from participation in a venture '*knowing*, or … *in reckless disregard of the fact*, that … the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.'" But this is inaccurate.

True, section 1591 sets forth two different *mens rea* standards. But section 1591(a)(2) prohibits benefitting "from participation in a venture which has engaged in an act described in violation of [section 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). In turn, "participation in a venture" is defined as "***knowingly*** assisting, supporting, or facilitating a violation of [section 1591(a)(1)]." 18 U.S.C. § 1591(e)(4) (emphasis

32

added). Thus, the requirement that a perpetrator know, as opposed to recklessly disregard, that he or she is assisting, supporting, or facilitating sex trafficking is imported into section 1591(a)(2) based on the definition of "participation in a venture."

That explains why, in *Reddit*, "this Court addressed only the knowledge standard," as Plaintiffs note (AOB 23). *See Reddit*, 51 F.4th at 1145 (noting that "participation in a venture" "is defined as 'knowingly assisting, supporting, or facilitating' sex trafficking activities"). And it confirms there is no merit to Plaintiffs' reliance (AOB 23-26) on the "reckless disregard" standard, which does not apply to section 1591(a)(2) given its use of the defined term "participation in a venture."

### 4. *This Court can affirm on the independent basis that Plaintiffs did not allege Twitter's participation in a trafficking venture*

Although the district court did not reach the issue, this Court can also affirm the dismissal of Plaintiffs' section 1595 claim (Count II) on the ground that Twitter was not alleged to have participated, knowingly or not, in any venture that engaged in sex trafficking. Plaintiffs needed to allege that Twitter participated in a venture that had engaged in sex trafficking in violation of section 1591(a)(1). *See* 18 U.S.C. §§ 1591(a)(2), 1595(a). But Plaintiffs did not allege that the persons who uploaded content to Twitter engaged in sex trafficking. That provides an independent basis for this Court to affirm the dismissal of Plaintiffs' section 1595 claim.

33

In an effort to overcome this marked gap in their allegations, Plaintiffs have argued that persons who upload child pornography to a website, no matter how they procure it, are by definition engaged in sex trafficking. 2-ER-110. But this legal premise lacks merit. A sex-trafficking venture is a "venture that has engaged in an act described in [section 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). Those acts include, as relevant here: recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means "***a person*** … knowing … the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." *Id.* § 1591(a)(1) (emphasis added).

While appalling, uploading child pornography to a website does not, by itself, involve trafficking "a person," as distinct from an image or video. Although it does violate other federal laws, it is not by itself violative of the law on which Plaintiffs rely, 18 U.S.C. § 1591(a)(1). Nor does it fall within the designedly narrow exception of FOSTA. Further, the mere act of posting such content is not, by itself, a "commercial sex act," which is defined a "sex act, on account of which anything of value is given or received by any person," *id.* § 1591(e)(3).[6] A person who uploads

---

[6] Consistent with this definition, Congress, in a separate statute, defined "sexual act" to involve contact or penetration between the mouth, objects, and/or various intimate body parts "with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person." 10 U.S.C. § 920(g)(1); *see Powell v. Comm'r*, 791 F.2d 385, 390 (5th Cir. 1986) ("Absent some compelling reason to read the analogous phrases in the two statutes differently, they should be

(footnote continues on following page)

an image or video, without more, does not traffic a "person" under the statute. *Cf.*

2-ER-110. Certainly no such trafficking of a person occurs on these facts, when the

uploading happened years after the content was created, without any alleged contact

between the perpetrators and the Plaintiffs over the intervening years.

Although the district court did not resolve the issue, it noted that Plaintiffs did

not "allege that the images were uploaded to Twitter by the same individuals who

are alleged to have procured the explicit content." *Twitter*, 2023 WL 8568911, at *8

n.6 (1-ER-14 n.6). That is independently fatal to Plaintiffs' sex-trafficking claim

(Count II). Because there is no concrete factual allegation that Twitter participated

in a venture with sex traffickers, there can be no valid claim that Twitter criminally

violated section 1591 and can be held civilly liable under section 1595.

### B. The District Court Correctly Ruled That Section 230 Bars Plaintiffs' Design-Defect Claim (Count V)

Plaintiffs are unpersuasive in denying (AOB 38-42) that their design-defect

claim (Count V) treats Twitter as a publisher or speaker for purposes of section 230.

To determine whether the "publisher or speaker" element is satisfied, this Court asks

"whether the cause of action inherently requires the court to treat the defendant as

the 'publisher or speaker' of content provided by another." *Barnes*, 570 F.3d at

1102. That is, this Court asks "whether the duty that the plaintiff alleges the

interpreted consistently.") (cited approvingly in *In re Germaine*, 152 B.R. 619, 626 (B.A.P. 9th Cir. 1993)).

35

defendant violated would derive from the defendant's status or conduct as a 'publisher or speaker.'" *Id.* As noted above, "publication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id.*

Here, the duty that Twitter allegedly violated "derives from [its] status … as a 'publisher or speaker.'" *Id.* Plaintiffs contend (AOB 38) that Twitter "created a product … that was designed to allow and promote the mass ***dissemination of information*** to large numbers of people" (emphasis added). *Accord* 3-ER-450 (¶ 179). That is the product whose design, by Plaintiffs' account (AOB 38), gives rise to a duty for Twitter to take steps to ensure that the resulting dissemination does not include unlawful child pornography. *Accord* 3-ER-450 (¶ 179). For example, Plaintiffs contend (AOB 38) that Twitter should have provided users with a "mechanism to allow users to report CSAM easily" and "block reported CSAM pending review."

These duties derive from Twitter's status as a publisher because "dissemination of information," 3-ER-450 (¶ 179), is synonymous with publication, and thus the alleged duty arises from Twitter's "deci[sion] whether to publish or to withdraw from publication third-party content," *Barnes*, 570 F.3d at 1102. As the district court recognized, "the nature of the alleged design flaw" is "directly related to the posting of third-party content on Twitter." 1-ER-73. Indeed, if this Court

36

accepts Plaintiffs' argument that, notwithstanding section 230, publishers could be sued for not taking steps to block unlawful content, section 230 would be rendered a dead letter. It follows that this Court should affirm the dismissal of Plaintiffs' design-defect claim (Count V).

The authorities on which Plaintiffs rely are inapposite because the duties allegedly violated in those cases did ***not*** derive from the defendants' status as a publisher or speaker.

In *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1089-90 (9th Cir. 2021), the plaintiffs alleged that Snapchat negligently designed a product called Speed Filter, which allowed users to capture the speed at which they were moving while taking pictures. Many Snapchat users believed Snapchat would "reward them for 'recording a faster Snap' using the Speed Filter.'" *Id.* at 1090. And Snapchat "did not remove or restrict access to Snapchat while traveling at dangerous speeds." *Id.*

This Court held that the plaintiffs' "claim turns on Snap's design of Snapchat," not whether it was a publisher or speaker of third-party content. *Id.* at 1091. Specifically, the plaintiffs' claim turned on Snap's unreasonable and negligent design of a product that offered rewards for achievements and enticed users to drive at speeds over 100 miles per hour. *Id.* at 1091. That alleged breach of duty had "nothing to do with' [Snap's] editing, monitoring, or removing of the content that its users generate through Snapchat." *Id.* at 1092.

37

That is leagues removed from the operative theory here. The alleged duties Plaintiffs claim Twitter breached, such as to "allow users to report CSAM easily" and to "block reported CSAM pending review" (AOB 38), have everything to do with Twitter's "monitoring" and "removing" of third-party content. *Lemmon*, 995 F.3d at 1092. If anything, *Lemmon* confirms that Plaintiffs' design-defect claim (Count V) seeks to treat Twitter as a publisher of third-party content.

Plaintiffs likewise misplace reliance on *A.M. v. Omegle.com, LLC*, 614 F. Supp. 3d 814, 819 (D. Or. 2022). There, a live video-chat website allegedly enticed persons "13 years and older to use its website." *A.M. v. Omegle.com LLC*, 2023 WL 1470269, at *3 (D. Or. Feb. 22, 2023). The website's "most regular and popular use [was] for live sexual activity," so the website was allegedly "aware that users engage in sexual and masturbatory conduct on [its] platform." *Id.* And the plaintiff alleged that the website was "designed in a way that connects individuals who should not be connected (minor children and adult men) and that it does so before any content is exchanged between them." *Omegle.com*, 614 F. Supp. 3d at 821. Moreover, the plaintiff was "not claiming that [the website] needed to review, edit, or withdraw any third-party content." *Id.* at 819. As such, the design-defect claim did "not rest on [the website's] publication of third-party content." *Id.*

Again, that differs categorically from the situation here. Twitter is not alleged to have negligently connected the Plaintiffs with the persons who blackmailed them;

38

that occurred three years before on Snapchat, 3-ER-433 (¶ 87), a different website over which Twitter has no control. Further, by alleging that Twitter should have designed its platform "so that CSAM is immediately blocked pending review when reported," 3-ER-450 (¶ 182), Plaintiffs' design-defect claim (Count V) *does* contend that Twitter "needed to review … [and] withdraw … third-party content to meet [its] obligation," *Omegle.com*, 614 F. Supp. 3d at 819. As such, *Omegle* likewise confirms that Plaintiffs' design-defect claim (Count V) seeks to treat Twitter as a publisher of third-party content.

Nor does *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 2023 WL 7524912 (N.D. Cal. Nov. 14, 2023), support Plaintiffs' argument. There, the plaintiffs alleged that social-media websites had a duty to design their platforms in ways that could be less addicting "without altering the publishing of third-party content." *Id.* at *11. For example, the plaintiffs alleged that the websites should have provided "options to users to self-restrict time used on a platform." *Id.* Again, that is nothing like the situation here where the duties Twitter allegedly violated relate to "monitoring" and "removing" of third-party content. *Lemmon*, 995 F.3d at 1092.[7]

---

[7] None of Plaintiffs' claims are like the contract-based claims in *Calise v. Meta Platforms, Inc.*, 2024 WL 2826231, at *7 (9th Cir. June 4, 2024), which did not seek to treat Meta as a publisher or speaker. There, the plaintiffs were Facebook users and alleged that they were duped by third-party scam advertisements that Meta allegedly knew were false. *Id.* at *2. The plaintiffs alleged that Meta thereby

39                                    (footnote continues on following page)

At bottom, the duties that Twitter allegedly violated for Plaintiffs' design-defect claim (Count V) "derive[] from [its] status … as a 'publisher,'" *Barnes*, 570 F.3d at 1102, such that section 230 bars the claim.

### C. The District Court Correctly Ruled That Section 230 Bars Plaintiffs' Negligence *Per Se* Claim (Count VIII), And The Claim Is Not Viable

Plaintiffs likewise err in arguing that their negligence *per se* claim (Count VIII) does not treat Twitter as a publisher or speaker and thus avoids section 230. Any such argument was forfeited and in any event fails as a matter of law.

### 1. *Plaintiffs Forfeit The Argument They Raise On Appeal*

On appeal, Plaintiffs argue for the first time (AOB 44) that section 230 does not bar their negligence *per se* claim (Count VIII) because the claim "alleges that the duty [Twitter] violated was its duty under federal law to contact NCMEC's CyberTipline to make a report … after receiving actual knowledge of … CSAM," not a duty that stems from Twitter's status as a publisher. This argument is without

---

breached its terms of service and the implied covenant of good faith and fair dealing, because Meta had agreed in its terms of service to "[c]ombat harmful conduct," including by "removing any 'content that purposefully deceives, willfully misrepresents or otherwise defrauds or exploits others for money or property.'" *Id.* This Court reasoned that the plaintiff's contract-based claims did not seek to treat Meta as the publisher or speaker of the third-party scam advertisements because "Meta's '[c]ontract liability' would 'come not from [its] publishing conduct, but from [its] manifest intention to be legally obligated to do something.'" *Id.* at *7. There are no comparable facts here: None of Plaintiffs' claims seeks to impose contract liability on Twitter based on Twitter's "manifest intention to be legally obligated to do something." *Id.*

merit, and Plaintiffs failed to raise it before the district court when Twitter moved to dismiss.

Plaintiffs asserted three negligence claims: a "negligence" claim (Count VI), 3-ER-451–52 (¶¶ 191-97); a "gross negligence" claim (Count VII), 3-ER-452–53 (¶¶ 198-203); and a "negligence *per se*" claim (Count VIII), 3-ER-453–54 (¶¶ 204-06). As to the first two negligence claims, Plaintiffs alleged that "Twitter had a duty to protect" them given that it knew that "CSAM depicting them was being distributed on its platform in violation of both the law and Twitter's own policies." 3-ER-452 (¶ 194); 3-ER-453 (¶ 199). As to the negligence *per se* claim (Count VIII), Plaintiffs alleged that Twitter violated various laws, including 18 U.S.C. § 2258A, by not "report[ing] known child sexual abuse material" to NCMEC. 3-ER-453 (¶ 205). Twitter moved to dismiss all three negligence claims, including because they were barred by section 230. 3-ER-350-53.

In response, Plaintiffs' opposition brief contained an entire section addressing their three negligence claims. 3-ER-329–32. Plaintiffs did not argue that their negligence *per se* claim (Count VIII) was not subject to section 230 on the ground that it did not treat Twitter as a publisher or speaker. *See* 3-ER-329–32. Rather, Plaintiffs argued that "negligence *per se* functions as a presumption to establish a defendant's duty of care," that Plaintiffs had "allege[d] the elements to meet the presumption of negligence *per se*," and that the district court "should treat their

negligence *per se* claim as a support to, and part of, the other negligence claims." 3-ER-330.  At no point did Plaintiffs argue, as they do now, that their negligence *per se* claim (Count VIII) is a viable, standalone claim that, unlike their other negligence claims, does not seek to treat Twitter as the publisher of third-party content.

This Court applies "a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998).  "[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 510 (9th Cir. 2013).  Nor will this Court "allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Id.* at 511.  Therefore, this Court generally will not consider arguments that a party could have raised in opposition to a motion to dismiss but instead raises for the first time on appeal. *Id.* at 510.  "This principle accords to the district court the opportunity to reconsider its rulings and correct its errors." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

That principle disposes of the instant argument.  In the district court, Plaintiffs did not argue, as they do now, that their negligence *per se* claim (Count VIII) is a viable, standalone claim and does not seek to treat Twitter as the publisher of third-

42

party content. Rather, they told the district court it "should treat their negligence *per se* claim as a support to, and part of, the other negligence claims." 3-ER-330.

On appeal, Plaintiffs express surprise (AOB 44) that the district court relied on a case, *In re Facebook, Inc.*, 625 S.W.3d 80 (Tex. June 25, 2021), that, in Plaintiffs' words, "lumped all negligence-related claims together in the same pot, applying a group analysis, instead of individually examining the merits of each claim" to determine whether the plaintiffs treated Facebook as a publisher or speaker. In fact, "lump[ing] all negligence-related claims together in the same pot" is what Plaintiffs told the district court it "should" do when they argued that the district court "should treat their negligence *per se* claim as support to, and part of, the other negligence claims." 3-ER-330. On this record, waiver and estoppel preclude Plaintiffs from seeking reversal on the grounds they do. *See, e.g.*, *Ecological Rights Found.*, 713 F.3d at 510.

### 2. Section 230 Bars The Negligence Per Se Claim (Count VIII)

Setting aside the waiver, the district court was correct to rule that section 230 bars Plaintiffs' negligence *per se* claim (Count VIII). 1-ER-74. As noted above, a claim seeks to treat a defendant as a "publisher or speaker" of third-party content if "the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *Barnes*, 570 F.3d at 1102.

43

Here, Twitter's duty to report apparent child pornography to NCMEC "derives from" its status as a publisher of third-party content. In 18 U.S.C. § 2258A, the statute on which Plaintiffs rely, Congress imposed certain duties on "provider[s]"[8] "to reduce the proliferation of online sexual exploitation and to prevent the online sexual exploitation of children." 18 U.S.C. § 2258A(a)(1)(A). One of those duties is to report to NCMEC "as soon as reasonably possible after obtaining actual knowledge of" an apparent or imminent violation of various federal criminal laws that "involve[] child pornography." *Id.* § 2258A(a). The report may include information relating to the identity of the individual involved, *id.* § 2258A(b)(1), and "information relating to when and how a customer or subscriber of a provider uploaded, transmitted, or received content relating to the report or when and how content relating to the report was reported to, or discovered by the provider," *id.* § 2258A(b)(2).

As the above demonstrates, Twitter's duty to report such content derives from the fact it provides a website allowing third parties to upload content. "The decision

---

[8] "[T]he term 'provider' means an electronic communication service provider or remote computing service." 18 U.S.C. § 2258E(6). An "'electronic communication service' means any service which provides to users thereof the ability to send or receive wire or electronic communications." *Id.* § 2510(15). "[T]he term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system." *Id.* § 2711(2).

to permit users to upload content to a website is a quintessential function of a publisher." *Reddit*, 2021 WL 5860904, at *6, *aff'd Reddit*, 51 F.4th 1137. Accordingly, the duties invoked by Plaintiffs' negligence *per se* claim (Count VIII) derive from Twitter's status as a publisher. *See also Beckman v. Match.com, LLC*, 668 F. App'x 759, 759 (9th Cir. 2016) (section 230 barred negligence *per se* claim because it was based on Match.com's "role as a publisher of third-party information"); *Doe v. MySpace, Inc.*, 474 F. Supp. 2d 843, 849 (W.D. Tex. 2007) (section 230 bars negligence *per se* claims that "attempt[] to hold an interactive computer service liable for its publication of third-party content or harms flowing from the dissemination of that content"); *Doe v. Bates*, 2006 WL 3813758, at *3-5 (E.D. Tex. Dec. 27, 2006) (section 230 immunized defendant from negligence *per se* claim arising out of publication of child pornography of defendant's internet e-group).[9]

---

[9]  Plaintiffs misplace reliance (AOB 45) on *In re Social Media*, 2023 WL 7524912 at *16, to argue that their negligence *per se* claim (Count VIII) does not treat Twitter as a publisher or speaker. There, certain plaintiffs in a multidistrict litigation involving over 140 cases alleged that the defendants violated 18 U.S.C. § 2258A by "failing to … report the violations of child pornography laws that they suspect to be in existence within their respective platforms." *In re Social Media*, 2023 WL 7524912 at *16. The defendants did "not address application of Section 230 to the negligence *per se* claim beyond asserting that it is barred because the harm alleged is inextricable from third-party content published by defendants," and the district court ruled that was "not an adequate basis for Section 230 immunity." *Id.* Without analyzing the duty imposed by 18 U.S.C. § 2258A, the district court remarked that the duty imposed by the statute did not "derive from defendants' status as

(footnote continues on following page)

### 3. *The Negligence Per Se Claim (Count VIII) Fails As A Matter Of Law*

This Court can also affirm the dismissal of Plaintiffs' negligence *per se* claim (Count VIII) on the ground that Plaintiffs failed to state such a claim.

In California, the elements of a cause of action for negligence are: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate cause of the resulting injury." *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). As to the first element, "[w]hen analyzing a duty of care in the context of third-party acts, California courts distinguish between misfeasance and nonfeasance." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1100 (2019) (cleaned up). "Misfeasance is when a defendant makes the plaintiff's position worse while nonfeasance is when a defendant does not help a plaintiff." *Id.* "Misfeasance, unlike nonfeasance, creates an ordinary duty of care where none may have existed before." *Id.*

"Conversely, nonfeasance is found when the defendant has failed to aid plaintiff through beneficial intervention." *Melton v. Boustred*, 183 Cal. App. 4th 521, 531 (2010). "[N]onfeasence generally does not give rise to a legal duty." *Id.* "The underlying premise is that a person should not be liable for nonfeasance in failing to act as a good Samaritan." *Id.* (cleaned up). That is, "one who has not

---

publishers." *Id.* That ruling was incorrect for the reasons above, and in any event, it is not binding on this Court.

46

created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another from the acts of a third party." *Id.* (cleaned up). "Thus, absent misfeasance, as a general matter, there is no duty to act to protect others from the conduct of third parties." *Id.* (cleaned up). The exception to this rule is when the defendant has a "special relationship" with the plaintiff. *Id.* at 532.

Here, Plaintiffs failed to allege facts establishing that Twitter owed them a duty of care. Indeed, Plaintiffs did not even allege that Twitter owed them a duty of care in connection with their negligence *per se* claim (Count VIII). 3-ER-453–54 (¶¶ 204-06). And in connection with their other negligence claims, Plaintiffs alleged that "Twitter had a duty to protect" them because it allegedly "had actual knowledge that [they] were minors and that CSAM depicting them was being distributed on its platform." 3-ER-452 (¶ 194); 3-ER-453 (¶ 199).

But "a defendant has no duty in situations of nonfeasance unless there exists a special relationship that would give rise to such a duty." *AF Holdings, LLC v. Doe*, 2012 WL 4747170, at *5 (N.D. Cal. Oct. 3, 2012). And this is a classic case of **non**feasance: Plaintiffs allege simply that "Twitter had a duty to protect" them, 3-ER-452 (¶ 194); 3-ER-453 (¶ 199), and that Twitter breached this duty by allowing videos depicting them "to remain on its platform," 3-ER-453 (¶ 201). No facts are alleged that might establish a special relationship between Plaintiffs and Twitter. Nor could Plaintiffs plausibly allege any such facts. As this Court recognized, "[n]o

website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content." *Dyroff*, 934 F.3d at 1100. This Court therefore "decline[d] to create such a relationship." *Id.*

That reasoning applies here and confirms that Plaintiffs have not plausibly alleged that Twitter owed them a duty of care. *See id.* For this reason, independent of section 230 immunity, this Court can affirm the dismissal of Plaintiffs' negligence *per se* claim (Count VIII) by holding simply that Plaintiffs did not allege sufficient facts to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Taamneh*, 598 U.S. at 501 (noting that plaintiffs failed to identify a "duty that would require defendants or other communication-providing services to terminate customers after discovering that the customers were using the service for illicit ends").

### D. This Court Already Held That Section 230 Bars Plaintiffs' "Child Pornography" Claim (Count IV), And That Holding Was Correct

On interlocutory appeal, this Court held that "the district court correctly ruled that section 230 precluded Plaintiffs from stating a viable claim for possession and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255." *Twitter*, 2023 WL 3220912, at *2 (1-ER-19). As this Court explained, "Because the complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online,' such activity 'is perforce immune under section 230.'" *Id.* (quoting *Roommates*, 521 F.3d at 1170-71).

48

That is the law of the case, and Plaintiffs acknowledge as much. AOB 46. Nevertheless, they argue (AOB 46) that this Court can and should overrule the prior panel's resolution of this precise legal issue. This Court cannot and should not do so.

As noted above, the law of the case doctrine "generally preclude[s]" a court from "reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Herrington*, 12 F.3d at 904. There are narrow, rare exceptions to the doctrine, specifically in instances where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc).

"[A] panel must be exceedingly careful in altering the law of its earlier opinions." *Jeffries v. Wood*, 114 F.3d 1484, 1492 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). "Otherwise, intra-circuit conflict may arise, posing serious difficulties." *Id.* Indeed, this is often the case when a prior panel relies on a published decision in an unpublished decision, because "[o]nly an en banc panel may overturn existing Ninth Circuit precedent." *Id.* at 1493. Reversing the unpublished opinion may also implicitly reverse a published opinion, "which would be impermissible." *Id.*

49

As to the first exception, one panel's unanimous, express resolution of a pure question of law cannot qualify as "clearly erroneous." The prior panel did not decide the relevant legal issue based on a factual record, nor is there any more of a factual record now. *Cf. United States v. Cuddy*, 147 F.3d 1111, 1115 (9th Cir. 1998) (holding that "clear error" exception applied when parties in prior appeal did not argue or brief relevant issue and prior panel overlooked relevant testimony). Rather, this appeal poses the same legal question as the prior interlocutory appeal, based on the same allegations from the same complaint. And the prior panel expressly resolved that legal question in favor of Twitter. Nor is this a situation where, for example, there is doubt as to whether the panel "considered and actually decided" the relevant legal question. *Cf. Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995) (AOB 46) (declining to apply "law of the case" doctrine when there was "no assurance the panel considered the nature of the error in question before directing the district court to apply the harmless error standard"). On this record, there can be no "clear error" of any kind; a subsequent panel cannot overturn a prior legal holding simply because it disagrees with it. *See, e.g.*, *Jeffries*, 114 F.3d at 1492. No matter the contours or intensity of the disagreement, it does not give rise to "clear error." Plaintiffs cite no authority supporting their adventurous (at best) approach to the "law of the case" doctrine.

50

Even if a holding as to a "question of law" could satisfy the "clearly erroneous" standard, that could not apply unless this Court is "left with the definite and firm conviction that a mistake has been committed." *Wash. Pub. Utilities Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 325 (9th Cir. 1987). A holding is clearly erroneous "only when, after a full review of the authorities, [this Court is] firmly convinced that the [holding] was incorrect." *In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1306 (9th Cir. 1982); *accord Van Tran v. Lindsey*, 212 F.3d 1143, 1153 (9th Cir. 2000). Put bluntly, to be clearly erroneous, the prior panel's decision "must be dead wrong." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Here, Plaintiffs fail to show any error, let alone clear error:

***First***, Plaintiffs erroneously argue (AOB 47-49) that their claim for receipt and distribution of child pornography (Count IV) does not treat Twitter as a publisher or speaker. In connection with that claim, Plaintiffs alleged that "Twitter was … notified of CSAM material depicting John Doe #1 and John Doe #2 as minors on its platform and still knowingly received, maintained, and distributed this child pornography after such notice." 3-ER-449 (¶ 449). As this Court recognized, Plaintiffs thus "target[] activity that can be boiled down to deciding whether to exclude material that third parties seek to post online." *Twitter*, 2023 WL 3220912, at *2 (cleaned up) (1-ER-17). And as noted above, "publication involves … deciding

51

whether to … withdraw from publication third-party content," *Barnes*, 570 F.3d at 1102, and "[t]he decision to permit users to upload content to a website is a quintessential function of a publisher," *Reddit*, 2021 WL 5860904, at *6, *aff'd Reddit*, 51 F.4th 1137. Accordingly, Plaintiffs' child-pornography claim (Count IV) clearly seeks to treat Twitter as a publisher of third-party content, and the prior panel by no means erred in so holding.

**Second**, Plaintiffs similarly err in arguing (AOB 49) that child pornography "is not 'information' within the meaning of Section 230" and must be treated differently from "other form[s] of content on the internet." This Court has already held, in a published opinion, that such content is "information" within the meaning of section 230. In *Reddit*, the plaintiffs alleged that "[u]sers of the social media platform Reddit posted and circulated sexually explicit images and videos of minors online," 51 F.4th at 1139, and *Reddit* held, in no uncertain, terms that "the plaintiffs' claims treat Reddit 'as the publisher or speaker' of '***information*** provided by another information content provider,'" *id.* at 1141 (emphasis added). That statement was "germane," *Johnson*, 256 F.3d at 915, to *Reddit*'s ultimate holding and is therefore the law of the circuit. The prior panel could not have committed clear error by following binding precedent.[10]

---

[10] Plaintiffs cite (AOB 50) *Doe #1 v. MG Freesites, LTD*, 676 F. Supp. 3d 1136, 1171 (N.D. Ala. 2022), for the proposition that "CSAM is 'illegal contraband' that should not be treated 'in the same way courts have treated speech,'" such as

(footnote continues on following page)

In any event, that precedent accords with the text and purpose of section 230. As this Court recognized, Congress designed section 230 "to promote the free exchange of information and ideas over the Internet and to encourage voluntary monitoring for offensive or obscene material." *Google*, 2 F.4th at 886. That was because "Congress was concerned with 'the ease with which the Internet delivers indecent or offensive material, especially to minors." *Id.*

To that end, the statute broadly refers to "information provided by another information content provider," 47 U.S.C. 230(c)(1), without exempting any type of information, such as photos or videos depicting sexually explicit conduct with minors. Nor is there a credible argument that Congress intended for the word "information" to cover some photos and videos but not others. That leaves no basis for this Court to accept Plaintiffs' argument and rewrite section 230 and this Court's precedent to exclude certain types of information from section 230 based on its harmful nature.

Nor do Plaintiffs address cases that rejected the specific argument they make here. *See, e.g., Diez v. Google, Inc.*, 831 F. App'x 723, 725 (5th Cir. 2020)

---

defamatory statements. But that reasoning finds no support in this circuit. *See* 51 F.4th at 1141. That noted, in *MG Freesites*, the defendants were alleged to have "played a vital role in the creation and development of the CSAM, such as by using keywords and tags to encourage users to find CSAM." *MG Freesites*, 676 F. Supp. 3d at 1171. There are no such allegations here.

53

(affirming district court's ruling that section 230 protected Google from claim alleging that "Google's conduct violates 18 U.S.C. § 2252A, a child pornography statute"); *Bates*, 2006 WL 3813758, at *4 ("While the facts of a child pornography case such as this one may be highly offensive, Congress has decided that the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material.").

*Third*, there is no merit to Plaintiffs' argument (AOB 50) that applying section 230 to their child-pornography claim (Count IV) "eviscerates the civil remedies Congress established for victims of online child pornography."  In section 230, Congress "made a policy choice … not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages."  *Google*, 2 F.4th at 886.  And Plaintiffs are not without recourse:  They are free to pursue the persons who blackmailed them into creating the alleged child pornography and the individuals who distributed it on Twitter (and elsewhere).

*Fourth*, Plaintiffs' arguments regarding manifest injustice (AOB 50-52) are incorrect.  Plaintiffs speculate (AOB 50-51) about a parade of horribles that will supposedly flow from the prior panel's decision, including that it will supposedly "shield individual consumers and distributors of child pornography" and allow "Twitter users that access and redistribute child pornography" to "claim immunity."

54

But the prior panel's decision cannot be fairly read to cloak the same statutory immunity upon consumers and distributors of child pornography, different from platforms where that content is uploaded by third parties. Moreover, the prior panel's decision was not published, and "[u]published dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Circuit Rule 36-3(a).

*Finally*, applying the law of the case doctrine is particularly appropriate here and would not work any manifest injustice because Plaintiffs had petitioned for panel rehearing and rehearing *en banc* following this Court's ruling on the parties' interlocutory appeals, and their petition was denied after no judge requested a vote on whether to rehear the matter en banc. SER-3–4. Plaintiffs had sufficient opportunity to litigate their argument that section 230 does not apply to their section 2252A claim. And neither the district court nor any judge on this Court credited those arguments. That refutes any suggestion that the Court was "dead wrong" in rejecting Plaintiffs' instant arguments. *Parts & Elec. Motors*, 866 F.2d at 233; *see also Jeffries*, 114 F.3d at 1491 (prior panel "should not have exercised its discretion to depart from its prior decision," particularly when "further appellate review of [the prior decision] was sought and denied"). In sum, the law of the case controls here.

## CONCLUSION

This Court should affirm.

55

DATED:  July 5, 2024                    Respectfully submitted,


                                        _/s/ Derek L. Shaffer_
                                        Derek L. Shaffer
                                        QUINN EMANUEL URQUHART
                                          & SULLIVAN, LLP
                                        1300 I Street NW
                                        Washington, D.C. 20005
                                        Telephone: (202) 538-8000

                                        Dylan C. Bonfigli
                                        QUINN EMANUEL URQUHART
                                          & SULLIVAN, LLP
                                        865 S. Figueroa Street, 10th Floor
                                        Los Angeles, CA 90017
                                        Telephone:  (213) 443-3000

## CERTIFICATE OF SERVICE

I, Derek L. Shaffer, hereby certify that I electronically filed the foregoing "Appellee's Answering Brief" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: July 5, 2024                           /s/ Derek L. Shaffer
                                              Derek L. Shaffer

57

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
FORM 8.  CERTIFICATE OF COMPLIANCE FOR BRIEFS**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____24-177_____

I am the attorney or self-represented party.

**This brief contains 13,424 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X]  complies with the word limit of Cir. R. 32-1.

[  ]  is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ]  is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ]  is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ]  complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [  ]  it is a joint brief submitted by separately represented parties;
    [  ]  a party or parties are filing a single brief in response to multiple briefs; or
    [  ]  a party or parties are filing a single brief in response to a longer joint brief.

[  ]  complies with the length limit designated by court order dated _____.

[  ]  is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _s/ Derek L. Shaffer_____  **Date**: July 5, 2024
    *(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                              Rev. 12/01/18

58